UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JABARR ABRAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R.J. RACKLEY, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-2004 MCE KJN P<br><br><br>ORDER |

I. Introduction

　　　　Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

2

the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

In his complaint, plaintiff raises multiple, unrelated claims, and attempts to raise claims on behalf of his wife. Plaintiff alleges that he and his wife were "subject to harassment, negligent acts and nuisance malfeasance" while visiting at the prison. (ECF No. 1 at 1.) Plaintiff alleges he was deprived of medical care for his hernia and the severe pain he suffered from the hernia. Moreover, on August 26, 2016, and September 8, 2016, plaintiff filed declarations in support of his complaint, but in his declarations, plaintiff raises new claims not included in his initial pleading, including a challenge to a prison disciplinary for alleged possession of a cell phone purportedly against individuals not named as defendants in the complaint.

IV. Discussion

First, it appears that plaintiff may be able to state a potentially cognizable civil rights claim based on his allegations that defendant Dr. Sahota was deliberately indifferent to his claims of severe pain and failed to treat his hernia. Specifically, plaintiff avers that defendant Dr. Sahota cancelled plaintiff's request for surgery and pain medication. (ECF No. 1 at 6.) However, plaintiff also states that during the administrative appeal process he learned that medical staff and appeal personnel were denying plaintiff's request for medical care since January of 2016 because they discovered he would be paroled in six months. (ECF No. 1 at 7.) Moreover, plaintiff includes no specific factual allegations demonstrating that the remaining defendants were deliberately indifferent to his serious medical needs, as further described below. Plaintiff is granted leave to file an amended complaint that solely addresses such Eighth Amendment medical claims.

////

1    Second, plaintiff alleges that defendant Rackley, Warden of Folsom Prison, was the
2    "Correctional Official employee at Folsom State Prison when plaintiff was deprived of medical
3    care for his severe pain. (ECF No. 1 at 3.) Such allegation, standing alone, is insufficient
4    because it is solely based on Rackley's role as warden. Plaintiff includes no factual allegations
5    demonstrating that Rackley was personally involved in any of the claims raised by plaintiff.

6    Third, plaintiff may not pursue claims on his wife's behalf. Plaintiff does not have
7    standing to pursue claims for third parties. Plaintiff should not include such claims in any
8    amended complaint.

9    Fourth, allegations of harassment, embarrassment, and defamation are not cognizable
10   under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981),
11   aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d
12   1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not
13   cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner
14   does not have cause of action under § 1983 for being called obscene name by prison employee);
15   Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison
16   officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. See
17   Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional
18   wrong, nor do allegations that naked threat was for purpose of denying access to courts compel
19   contrary result). However, a threat of deadly force made merely to inflict gratuitous fear and
20   punishment when the party has both the opportunity to carry out the threat and evidences the
21   intent to do so may state a cognizable claim under the Eighth and Fourteenth Amendments. See
22   Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (drawing gun and terrorizing prisoner with
23   threats of death while using racially offensive language states first amendment, due process and
24   equal protection claims); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.
25   1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to
26   be protected from violence while in state custody); Parker v. Asher, 701 F.Supp. 192, 194 (D.
27   Nev. 1988) (threatening to shoot inmate with taser gun merely to inflict gratuitous fear and
28   punishment states claim under eighth and fourteenth amendments). Thus, it does not appear that

1  plaintiff can state a cognizable civil rights claim based on his allegation that he was harassed
2  while visiting with his wife.

3        Fifth, prisoners have no Fourteenth Amendment liberty interest in a right to appeal
4  adverse decisions by prison authorities. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)
5  ("There is no legitimate claim of entitlement to a grievance procedure."). In Ramirez v.
6  Galaza, 334 F.3d 850, 860 (9th Cir. 2003), the Ninth Circuit confirmed that a prisoner may
7  not challenge an administrative disciplinary appeals process on Due Process grounds,
8  confirming that "inmates lack a constitutional entitlement to a specific prison grievance
9  procedure." Id. Prisoners have a First Amendment right to file prison grievances and to pursue
10 civil rights litigation in the courts. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2004). But
11 to state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege:
12 "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3)
13 that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
14 Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."
15 Id. at 567-68.

16       Sixth, unrelated claims are not properly joined under Federal Rule of Civil Procedure
17 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons may be
18 joined in one action as defendants if "any right to relief is asserted against them jointly, severally,
19 or in the alternative with respect to or arising out of the same transaction, occurrence, or series of
20 transactions or occurrences" and "any question of law or fact common to all defendants will arise
21 in the action." Fed. R. Civ. P. 20(a)(2). Plaintiff's claims are against an entirely different set of
22 defendants. Such unrelated claims are dismissed because they do not (a) arise out of the same
23 transaction, occurrence, or series of transactions or occurrences and (b) present questions of law
24 or fact common to all defendants. The dismissal of the improperly joined claims and parties
25 means only that they cannot be pursued in this action. Plaintiff is free to file a new action as to
26 claims that are unrelated to his medical claim.

27       Seventh, plaintiff is cautioned that a complaint must be complete in itself. He must
28 include all claims and allegations in his pleading, and may not continue to file declarations that

1  raise new claims that are unrelated claims raised in the operative pleading. Moreover, plaintiff
2  must identify every individual he names as a defendant in the caption and the parties' section of
3  his amended complaint. For example, in his fourth cause of action, plaintiff names a Dr. Lee.
4  (ECF No. 1 at 10.) However, Dr. Lee is not listed in the caption.

5        Eighth, to the extent plaintiff seeks to challenge a prison disciplinary, such claims may be
6  barred. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to
7  recover damages for "harm caused by actions whose unlawfulness would render a conviction or
8  sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed,
9  expunged, or otherwise invalidated. Id. The Heck bar preserves the rule that federal challenges,
10  which, if successful, would necessarily imply the invalidity of incarceration or its duration, must
11  be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of
12  relief. Muhammad v. Close, 540 U.S. 749, 750-51 (2004). However, "challenges to disciplinary
13  proceedings are barred by Heck only if the § 1983 action would be seeking a judgment at odds
14  with [the prisoner's] conviction or with the State's calculation of time to be served." Nettles v.
15  Grounds, 2016 WL 4072465 at *4 (9th Cir. July 26, 2016) (en banc), citing Muhammad, 540 U.S.
16  at 754-55. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-
17  time credits, would not necessarily affect the length of time to be served, then the claim falls
18  outside the core of habeas and may be brought in § 1983." Id.; see, e.g., Pratt v. Hedrick, 2015
19  WL 3880383, *3 (N.D. Cal. June 23, 2015) (§ 1983 challenge to disciplinary conviction not
20  Heck-barred where "the removal of the rule violation report or the restoration of time credits"
21  would not necessarily result in a speedier release for inmate with indeterminate life sentence and
22  no parole date).

23        Specifically, where the claim involves the loss of good-time credits as a result of an
24  adverse prison disciplinary finding, the claim is not cognizable. See Edwards v. Balisok, 520
25  U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural
26  defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary
27  sanction of loss of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf.
28  Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule

of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas), cert. denied, 541 U.S. 1063 (2004); see also Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits).  If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition.  See id.; Trimble v. City of Santa Rosas, 49 F.3d 583, 586 (9th Cir. 1995).  Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585. In any event, plaintiff's purported challenge to his disciplinary proceeding was not included in his initial pleading and such claim is unrelated to his Eighth Amendment medical claim.  Thus, plaintiff should not include a challenge to the prison disciplinary in any amended complaint filed in this action.

Thus, the court has reviewed the complaint pursuant to § 1915A and finds it must be dismissed with leave to amend because plaintiff included multiple unrelated claims in his complaint, and raised additional, unrelated claims in his later-filed declaration.  Plaintiff is granted leave to amend his complaint to pursue his claim that Dr. Sahota was deliberately indifferent to his serious medical needs, as well as any allegations related thereto, for example, any related state law claim, provided plaintiff timely filed a tort claim.[1]  In addition, plaintiff is advised of the following legal standards that may apply to his intended claims for relief.

---

[1] California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board ("the Board"), formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Super. Ct. of Kings Cty. (Bodde), 90 P.3d 116, 124 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  State v. Super. Ct., 90 P.3d at 124; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).  An action must be commenced within six months after the claim is acted upon or is deemed to be rejected. Cal. Govt. Code § 945.6; Moore v. Twomey, 16 Cal. Rptr. 3d 163 (Cal. Ct. App. 2004).

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In sum, plaintiff must identify the particular person or persons who violated his rights.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

////

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

V.  Leave to Amend

Therefore, plaintiff's complaint is dismissed. The court, however, grants leave to file an amended complaint. Plaintiff is granted leave to file an amended complaint that raises either his first claim or his second claim, but not both. Plaintiff must raise his other claim in a separate civil rights action.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.[2] See Fed. R. Civ. P. 20(a)(2).

---

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: October 13, 2016

/abra2004.14

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JABARR ABRAM, | No.  2:16-cv-2004 MCE KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| R.J. RACKLEY, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____   Amended Complaint
DATED:

_____
Plaintiff